

**FILED**

**MAR 2 3 2016**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| LAURA ZYLSTRA KAISER, | 1:15-CV-01030-CBK |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| BRYAN GORTMAKER, IN HIS OFFICIAL CAPACITY AS SOUTH DAKOTA DIRECTOR OF THE DIVISION OF CRIMINAL INVESTIGATION; AND MARK BLACK, | |
| Defendants. | |

## INTRODUCTION

Plaintiff instituted this employment discrimination action contending that defendant Gortmaker engaged in gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the South Dakota Human Relations Act of 1972, SDCL 20-13-10 and 26, and that defendant Black engaged in tortious interference with her employment contract. Defendant Black filed a motion to dismiss on the basis that he is not amenable to suit in his individual capacity under Title VII and that plaintiff failed to give notice of her state law claims as required by SDCL 3-21-2. Plaintiff clarified that she was only suing defendant Black in his individual capacity for tortious interference. Defendant Black advised the Court that he was no longer pursuing his motion to dismiss and that motion was denied.

Defendant Gortmaker filed a motion to dismiss on the basis that he is not subject to suit under Title VII in his individual capacity and that plaintiff failed to give notice of her state law claims as required by SDCL 3-21-2. Plaintiff clarified that she was only suing defendant Gortmaker in his official capacity and defendant Gortmaker advised the Court that he is no longer pursuing his motion to dismiss on that basis.

Plaintiff filed an unopposed motion to amend her complaint to more clearly state the communications she made concerning her claims which she contends comply with the notice statute. That motion was granted.

## DECISION

South Dakota's notice requirement provides:

> No action for the recovery of damages . . . caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury. Nothing in this chapter tolls or extends any applicable limitation on the time for commencing an action.

SDCL 3-21-2. South Dakota law further provides that, in the case of an action against the State of South Dakota, notice shall be given to the Attorney General and the Commissioner of Administration. SDCL 3-21-3.

The South Dakota Supreme Court has set forth the purposes of South Dakota's notice statute:

> (1) To investigate evidence while fresh; (2) to prepare a defense in case litigation appears necessary; (3) to evaluate claims, allowing early settlement of meritorious ones; (4) to protect against unreasonable or nuisance claims; (5) to facilitate prompt repairs, avoiding further injuries; (6) to allow the [public entity] to budget for payment of claims; and (7) to insure that officials responsible for the above tasks are aware of their duty to act.

Anderson v. Keller, 2007 S.D. 89, ¶ 13, 739 NW2d 35, 40.

State law notice of claim statutes are inapplicable in federal civil rights actions brought in federal court. Felder v. Casey, 487 U.S. 131, 140, 108 S.Ct. 2302, 2308, 101 L.Ed.2d 123 (1988). Thus, South Dakota's notice of claim statute cannot defeat plaintiff's Title VII action against Gortmaker.

The United States Supreme Court has long held that, in cases of diversity jurisdiction, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). This principle applies equally in the context

2

of pendent jurisdiction over state law claims. *See* Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123 (1988).

The line between substantive matters and procedural matters is not always clear. The Supreme Court requires a deeper analysis in cases where the State rule at issue is not clearly procedural or substantive.

> Here we are dealing with a right to recover derived not from the United States but from one of the States. When, because the plaintiff happens to be a nonresident, such a right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic. But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State. And so the question is not whether a statute of limitations is deemed a matter of 'procedure' in some sense. The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?

Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 108-09, 65 S. Ct. 1464, 1469-70, 89 L. Ed. 2079 (1945). Thus, in Guaranty Trust, the Supreme Court held that a state court statute of limitations applies in diversity cases in the federal courts. 326 U.S. at 110, 65 S.Ct. at 1470. "The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." Guar. Trust Co. of N.Y. v. York, 326 U.S. at 109, 65 S. Ct. at 1470. "[S]ince a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State." *Id.* At 108-09, 65 S. Ct. at 1469-70.

Under Supreme Court precedent, this Court does not determine merely whether South Dakota's notice of claim prerequisite is procedural or substantive but whether it significantly

3

affects the result of the litigation in State court. It does. Therefore, ordinarily this Court would apply the South Dakota notice statute to bar plaintiff's state law claim.

Plaintiff contends that, under a literal reading of South Dakota's notice statute, the statute applies only to tort-based claims and not to employment discrimination claims. Plaintiff relies upon the language in SDCL 3-21-2 that it applies to an action for "personal injury, property damage, error, or omission or death" which the South Dakota Supreme Court has interpreted to mean "causes of action sounding in tort." Wolff v. Secretary of South Dakota Game, Fish and Parks Dept., 1996 SD 23, ¶ 20, 544 NW2d 531, 534. Plaintiff contends that her statutory employment discrimination claims are distinguishable from common law tort claims.

The issue presented here is whether an employment discrimination claim under the South Dakota Human Relations Act constitutes an "action sounding in tort" for the purposes of South Dakota's notice statute. In Wolff, the South Dakota Supreme Court determined that a claim for forcible exclusion and ejectment based upon SDCL 21-3-6 "is a remedy in the Chapter of the South Dakota Code outlining the 'Damages for Torts'" and is therefore a tort-based claim. Id. at ¶ 21, 544 NW2d at 535. However, claims for inverse condemnation were held to be based upon a South Dakota Constitutional provision and therefore not tort-based. Id. at 535.

In Finck v. City of Tea, 443 NW2d 632, 635 (SD 1989), the plaintiff asserted claims of wrongful termination, breach of contract, retaliatory discharge, negligent wrongful termination (not a cause of action in South Dakota), and intentional infliction of emotional distress. Defendant filed a motion for summary judgment on the grounds that Finck failed to give notice under SDCL 3-21-2 and the trial court denied the motion. Finck v. City of Tea, 443 NW2d at 633. The South Dakota Supreme Court stated that "[w]e agree with and affirm the trial court concerning . . . its denial of the summary judgment relating to mandatory notice, except as the same relates to tort claims." Id. at 634. The South Dakota Supreme Court held that emotional distress and retaliatory discharge claims sound in tort and the notice statute was mandatory as to those claims. Finck v. City of Tea, 443 NW2d 632, 635 (SD 1989). However, the wrongful termination and breach of contract claims were deemed contract-based claims for which no notice is required. Id. at 635. See Tiede v. CorTrust Bank, 7448 NW2d 748, 752-53 (SD 2008) (reiterating the holding in Finck that wrongful termination and breach of contract were not tort claims).

4

South Dakota is an employment at will state. Hollander v. Douglas County, 2000 SD 159 ¶ 13, 620 NW2d 181, 185; SDCL 60-4-4. Absent an employment contract, an employee can be terminated at the will of the employer. Nonetheless, employment relationships are subject to the terms of employee handbooks, as well as a myriad of state and federal laws regarding wages, working conditions, and workers compensation. Such relationships are also subject to federal and state anti-discrimination laws. This type of relationship is absent with respect to tort claims involving, for example, vehicle accidents, slip and falls, defamation, assault, and the myriad other tort claims that may be brought against state agents by members of the public. Employment relationships, whether or not governed by a formal contract, are clearly contractual in nature. Claims against the State by State employees alleging a violation of the South Dakota Human Relations Act are not the type of claims governed by the South Dakota notice requirement.

My finding that the South Dakota notice of claim statute was not intended to apply in this case is bolstered by the notice requirement contained in the Act. All employees, whether or not employed by the State, seeking redress under the South Dakota Human Relations Act must comply with the Act's notice requirement. SDCL 20-13-29. An employee may elect to file a lawsuit charging a violation of the Human Relations Act but only after filing a complaint with the South Dakota Department of Labor, Division of Human Rights, and obtaining either a right to sue letter or giving notice of intent to proceed by lawsuit. Weller v. Spring Creek Resort, Inc., 477 NW2d 839, 840 (SD 1991). Plaintiffs seeking to pursue claims under South Dakota's Human Relations Act must first exhaust the administrative remedies by filing a claim with the South Dakota Division of Human Rights. Montgomery v. Big Thunder Gold Mine, Inc., 531 NW2d 577, 579 (SD 1995).

In addition, State employees claiming the terms or conditions of their employment were affected by illegal discrimination are subject to additional requirements in that they are required to comply with grievance procedures and exhaust administrative remedies prior to instituting any action concerning their employment.

Employees of the South Dakota Division of Criminal Investigation making employment related claims against the State are required to file grievances pursuant to Executive Branch procedures and, if claiming a violation of the Human Relations Act, to file a claim within 180 days with the Human Rights Commission, an Executive Branch office. It makes no sense for

5

one to contend that state employees must also give notice to the Executive Branch under SDCL 3-21-2.

Having found that plaintiff's claims against defendant Gortmaker are not subject to the South Dakota notice of claim statute, there is no need to reach the issue whether plaintiff nonetheless substantially complied with the notice statute.

Based upon the foregoing,

IT IS ORDERED that defendant Gortmaker's motion, Doc. 12, to dismiss is denied.

DATED this 23rd day of March, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6